FILED
CLERK, U.S. DISTRICT COURT
4/9/25
CENTRAL DISTRICT OF CALIFORNIA
BY: MRV DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

RYAN VAN DE CAR,

Defendant.

ED CR 5:25-cr-00119-JLS

I N D I C T M E N T

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. §§ 2252A(a)(7), (b)(3): Production of Adapted Child Pornography; 18 U.S.C. §§ 1466A(a)(1), 2252A(b)(1): Production, Distribution and Possession of Obscene Visual Representations of Sexual Abuse of Children; 18 U.S.C. § 2253: Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

Beginning in or around August 2023 and continuing until at least in or around September 2023, in Riverside County, within the Central District of California, defendant RYAN VAN DE CAR knowingly

distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, an encrypted Internet-based messaging application, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by cellular phone, knowing that the images were child pornography.

The child pornography that defendant VAN DE CAR distributed consisted of at least two videos with file names "4cec0ec8-8e9e-49f0-b535-e2668e096c7e.mp4" and "7fa8cd93-3790-498d-84bb-13bc10185be2.mp4," shared using a link to one Mega folder, hosted at https://mega.nz/folder/RnERFDoD#_MM5QrJlVm2VA9xXdTvdWQ, containing one-hundred-seventy-five files sent via the Telegram application.

COUNT TWO

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about December 4, 2023, in Riverside County, within the Central District of California, defendant RYAN VAN DE CAR knowingly possessed an iPhone 14, bearing IMEI number 356795450285551; an iPhone 14, bearing IMEM number IMEI number 359843527259402; and an iPhone 12, bearing IMEI number 351793391899205. These devices contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least one of which was involving a prepubescent minor and a minor who had not obtained 12 years of age, and at least one of which contained sadomasochistic conduct and the exploitation of an infant or toddler, that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by cellular phone, knowing that the images were child pornography.

The child pornography that defendant VAN DE CAR possessed on the phones included, but was not limited to, the following:

1. IMG_5821.JPG;
2. IMG_6143.JPG;
3. IMG_6303.JPG;
4. IMG_6564.JPG;
5. IMG_6141.MP4;
6. IMG_6140.MP4;
7. IMG_6176.MP4;
8. IMG_5146.MP4; and
9. IMG_6293.MP4.

COUNT THREE

[18 U.S.C. §§ 2252A(a)(7), (b)(3)]

Beginning in or around August 2023 and continuing until at least in or around September 2023, in Riverside County, within the Central District of California, defendant RYAN VAN DE CAR knowingly produced with intent to distribute and distributed a visual depiction of child pornography that was an adapted or modified depiction of an identifiable minor, as defined in Title 18, United States Code, Sections 2256(8)(A) and 2256(9), using a means and facility of interstate and foreign commerce, namely, an encrypted Internet-based messaging application, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by cellular phone, knowing that the images were child pornography.

The child pornography that defendant VAN DE CAR produced and distributed consisted of four images, each containing an adapted or modified depiction of an identifiable minor, sent via the Kik application, with the file names:

1. IMG_5607.PNG;
2. 996f9220-4084-448b-b29c-4dd934005c3a.JPG;
3. 7bcdb13b-7dab-4940-90ac-da9f66bde8a3.JPG; and
4. c49c27d7-c54c-40b4-9983-863a8dfb6a4e.JPG.

COUNT FOUR

[18 U.S.C. §§ 1466A(a)(1), 2252A(b)(1)]

Beginning in or around August 2023 and continuing until at least in or around September 2023, in Riverside County, within the Central District of California, defendant RYAN VAN DE CAR knowingly produced, distributed, and possessed with intent to distribute a visual depiction of a minor engaging in sexually explicit conduct and is obscene, that had been shipped and transported using any means and facility of interstate and foreign commerce by any means, and in and affecting interstate and foreign commerce by any means, including by cellular phone, or that was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by cellphone or computer.

The child pornography that defendant VAN DE CAR produced, distributed, and possessed with intent to distribute consisted of three images sent via the Kik application, with the file names:

1. IMG_5605.PNG;
2. IMG_5606.PNG; and
3. 01be6f4e-5f9f-41fd-aae7-b9e970841f37.JPG.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the

defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MIRELLE RAZA
Assistant United States Attorney
General Crimes Section