BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
MIRELLE RAZA (Cal. Bar No. 340055)
Assistant United States Attorney
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6058
Facsimile: (213) 894-0141
Email: mirelle.raza@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>RYAN VAN DE CAR,<br><br>Defendant. | No. 5:25-CR-00119<br><br><u>OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR ORDER MODIFYING BOND CONDITIONS</u> |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Mirelle Raza, hereby files its Opposition to Defendant's <u>Ex Parte</u> Application for Order Modifying Bond Conditions (Dkt. No. 23).

//

//

//

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 16, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

/s/
MIRELLE RAZA
Assistant United States Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF MIRELLE RAZA**

I, Mirelle Raza, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am the attorney representing the government in this case.

2. On Friday May 16, 2025, at approximately 9:30 a.m. counsel for defendant Ryan Van De Car, Federal Public Defender Bert Roughton, sent an email requesting the government's position related to an ex parte application seeking permission for defendant to travel to Las Vegas, Nevada for a construction job with Reliable Crane Services that is set to last from Monday, May 19, 2025, to Friday, May 23, 2025. I responded to Mr. Roughton that the government opposes the modification and asked that my position be included in the application, which Mr. Roughton did include. (Dkt. No. 23).

3. In addition to my concerns listed in Mr. Roughton's application, the serious conduct alleged in this matter is alarming. Defendant possessed hundreds of child pornography files and distributed multiple files, including at least seven child pornography images, which agents determined were pictures of minors in the defendant's life. The original versions of these pictures were not child pornography; however, the defendant used an application called the "Undress App" to superimpose genitals onto the minors' bodies and produce modified child pornography. It is incredibly important that defendant is closely supervised and that he is abiding by his bond conditions, which include staying away from locations with children and monitoring of defendant's access to digital devices. Defendant traveling to and spending prolonged periods of

time in another state do not allow for the supervision that is necessary.

4. On May 16, 2025, I also spoke to United States Probation and Pretrial Services ("Pretrial Services") Officer Luis Trujillo about defense's application and asked for his position. Officer Trujillo opposes modifications to defendant's current bond conditions. I requested that Officer Trujillo share the information he had received from defense regarding this matter and learned the following:

a. On May 15, 2025, Officer Trujillo spoke to defendant over the phone, and defendant explained he had been on a waitlist for a job in construction. Defendant explained that he was extended a job opportunity to be a crane operator for the new baseball stadium in Las Vegas. Defendant told Mr. Trujillo that the job would be four years long and that he would like to relocate to Las Vegas, Nevada. Defendant stated that he wanted to live with a co-worker while working in Nevada. Mr. Trujillo asked for the contact information for this co-worker, in order to verify the information and ensure defendant was complying with the bond conditions. Defendant stated he would provide this information.

b. On May 16, 2025, Mr. Trujillo spoke to defense counsel, Mr. Roughton, who explained that the current job offer was for a position in Las Vegas, Nevada, which would be from May 19, 2025, to May 23, 2025. Mr. Trujillo also learned that defendant wanted to return to Las Vegas, Nevada, on June 1st, 2025, to then begin a four-year job. Mr. Trujillo has not received any details about the four-year job.

c. On May 16, 2025, Mr. Trujillo also spoke to defendant, who stated he no longer wished to provide contact information for the co-worker he wanted to live with, and instead wanted to stay at a hotel and/or Airbnb residence. Defendant provided Mr. Trujillo the address for which he planned to reside during the May job, as 145 East Harmon Avenue, Las Vegas, Nevada, 89109. Mr. Trujillo attempted to verify this address and learned that the address provided by defendant was for the MGM Hotel in Las Vegas, Nevada.

5. Mr. Trujillo has represented to me that he opposes the modification of bond conditions for the May 19, 2025, to May 23, 2025 job for numerous reasons, including: (1) Pretrial Services does not have the ability verify the information provided by defendant related to this job opportunity prior to the job start date on May 19, 2025, (2) Pretrial Services is unlikely to approve the MGM hotel as a suitable place of residence for the defendant for many reasons, one of which is access to pools which may have children present, (3) supervision of defendant in another state would be difficult, regardless of location monitoring, and in the event defendant absconded from location monitoring it would be challenging for Pretrial Services in the Central District of California to properly investigate the defendant's location in Nevada.

6. Regarding the four-year job beginning on June 1, 2025, Mr. Trujillo cannot yet make a determination about Pretrial Services' position because he does not have enough information to verify the job position or defendant's housing. Further, Mr. Trujillo explained that if defendant permanently relocates to Nevada, this would require Nevada Pretrial Services to take on the defendant's case, as Pretrial

Services in the Central District of California cannot supervise a defendant who resides in another state.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Calabasas, California, on May 16, 2025.

MIRELLE RAZA