TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
MIRELLE RAZA (Cal. Bar No. 340055)
Assistant United States Attorney
Major Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:      (213) 894-6058
     Facsimile:      (213) 894-0141
     Email:          mirelle.raza@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 5:25-00119-JLS |
|---|---|
| Plaintiff, | JOINT STATEMENT RE: DEFENDANT RYAN VAN DE CAR'S RULE 11 PLEA |
| v. | |
| RYAN VAN DE CAR, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Mirelle Raza, and defendant Ryan Van De Car, both individually and through his counsel of record, Deputy Federal Public Defender Bert Roughton, hereby file their joint statement regarding defendant's Rule 11 plea.

## GUILTY PLEA

1.    Defendant is pleading guilty to counts one through four of the indictment in United States v. Van de Car, ED CR 5:25-00119-JLS, which charges defendant with distribution of child pornography in

violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) (count one), possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) (count two), production of adapted child pornography in violation of 18 U.S.C. §§ 2252A(a)(7), (b)(3) (count three), and production, distribution, and possession of obscene visual representations of sexual abuse of children in violation of 18 U.S.C. §§ 1466A(a)(1), 2252A(b)(1) (count four).

## NATURE OF THE OFFENSE

2.    In order for defendant to be guilty of the crime charged in the count one of the indictment, that is, Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), the following must be true: (1) the defendant knowingly distributed matters which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct; (2) the defendant knew each visual depiction contained in the matters showed minors engaged in sexually explicit conduct; (3) the defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and (4) each visual depiction had been mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, by any means, including by computer.

3.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant distributed at least one image depicting a minor engaged in sexually explicit conduct, as alleged in count one of the indictment, pursuant to 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1).  Defendant admits that defendant, in fact, distributed at least one image depicting a

2

minor engaged in sexually explicit conduct, as alleged in count one of the indictment.

4. In order for defendant to be guilty of the crime charged in count two of the indictment, that is, Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), the following must be true: (1) the defendant knowingly possessed matters which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct; (2) the defendant knew each visual depiction contained in the matters showed minors engaged in sexually explicit conduct; (3) the defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and (4) each visual depiction had been mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, by any means, including by computer.

5. In order for defendant to be guilty of the crime charged in count three of the indictment, that is Production of Adapted Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(7), (b)(3), the following must be true: (1) the defendant produced with intent to distribute, or distributed, a visual depiction of child pornography that is an adapted or modified depiction of an identifiable minor; (2) defendant distributed, or intended to distribute the visual depiction by any means, including a computer, in or affecting interstate or foreign commerce; and (3) the defendant knew each of the visual depictions contained in the matters showed minors engaged in sexually explicit conduct.

6. In order for defendant to be guilty of the crime charged in count four of the indictment, that is Production, Distribution, and

3

Possession of Obscene Visual Representations of Sexual Abuse of Children in violation of 18 U.S.C. §§ 1466A(a)(1), 2252A(b)(1), the following must be true: (1) defendant knowingly produced, distributed, received, or possessed with intent to distribute, visual depictions of any kind, including a drawing, cartoon, sculpture, or painting; (2) the visual depictions showed minors engaging in sexually explicit conduct; (3) the visual depictions were obscene; and (4) each visual depiction had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, by any means, including by computer, or was produced using materials that had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, by any means, including by computer, or communications involved in or made in furtherance of the offense were communicated or transported by mail or in or affecting interstate or foreign commerce, or any communications involved in or made in furtherance of the offense contemplated the transmission of a visual depiction by mail or in or affecting interstate or foreign commerce.

7. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant produced, distributed, received, or possessed at least one obscene visual representation of a minor engaged in sexually explicit conduct, as alleged in count four of the indictment, pursuant to Title 18, United States Code, Sections, 1466A(a)(1), 2252A(b)(1). Defendant admits that defendant, in fact, produced, distributed, and possessed at least one obscene visual representation of a minor

4

engaged in sexually explicit conduct, as alleged in count four of the indictment.

## PENALTIES

8.    The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), as charged in count one, is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    The statutory mandatory minimum sentence that the Court can impose for a violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), as charged in count one, is: a five-year term of imprisonment, a five-year period of supervised release, and a mandatory special assessment of $100.

10.    The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), where any image of child pornography involved a prepubescent minor or minor who had not attained 12 years of age, as charged in count two, is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.    The statutory mandatory minimum sentence that the Court can impose for a violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), where any image of child pornography involved a prepubescent minor or minor who had not attained 12 years of age, as charged in count two, is: a five-year period of supervised release and a mandatory special assessment of $100.

5

12. The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 2252A(a)(7), (b)(3), as charged in count three, is: 15 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

13. The statutory mandatory minimum sentence that the Court can impose for a violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), as charged in count three, is: a five-year period of supervised release and a mandatory special assessment of $100.

14. The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 1466A(a)(1), 2252A(b)(1), as charged in count four, is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

15. The statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. §§ 1466A(a)(1), 2252A(b)(1), as charged in count four, is: a five-year term of imprisonment, a five-year period of supervised release, and a mandatory special assessment of $100.

16. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 75 years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $400.

6

17. Pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment per count, if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

18. Under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court may impose an additional special assessment of up to $35,000.

19. Pursuant to Title 18, United States Code, Section 2259, defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

20. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

21. As a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice

7

will be provided to certain law enforcement agencies upon his release from confinement following conviction.

22. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

23. By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant is pleading guilty to a felony and is advised that it is a federal crime for a convicted felon to possess a firearm or ammunition. The conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

24. If defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further

8

understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

25.  If this case were to proceed to trial, the government would be prepared to prove the following facts beyond a reasonable doubt:

Beginning in or around August 2023 and continuing until at least September 2023, in San Bernardino County, within the Central District of California, defendant knowingly distributed child pornography using a means and facility of interstate and foreign commerce, namely, a computer, and an encrypted Internet-based messaging application called Telegram, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by cell phone.  Specifically, defendant knowingly distributed through these means a link to one Mega folder, hosted at https://mega.nz/folder/RnERFDoD#_MM5QrJlVm2VA9xXdTvdWQ, containing one-hundred-seventy-five files.  This link's contents consisted of at least two video files with file names "4cec0ec8-8e9e-49f0-b535-e2668e096c7e.mp4" and "7fa8cd93-3790-498d-84bb-13bc10185be2.mp4."  Defendant knew at the time he distributed the videos that: (1) the visual depictions contained within each video showed minors engaged in sexually explicit conduct; and (2) the production of such visual depictions involved the use of minors engaged in sexually explicit conduct.

The female victim in "4cec0ec8-8e9e-49f0-b535-e2668e096c7e.mp4" has been identified as approximately one to three years old when the child pornography video was produced. The video file "7fa8cd93-3790-498d-84bb-13bc10185be2.mp4" is a compilation video of multiple videos spliced together. Of the approximately 14 individuals depicted in the video, at least three have been identified as approximately three to 11 years old when the child pornography video was produced.

Additionally, beginning in or around August 2023 and continuing until at least September 2023, in San Bernardino County, within the Central District of California, defendant knowingly produced with intent to distribute and distributed a visual depiction of child pornography that was an adapted or modified depiction of an identifiable minor, using a means and facility of interstate and foreign commerce, namely, a computer and an encrypted Internet-based messaging application called Kik, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by cell phone. Specifically, defendant knowingly produced and distributed at least four images containing child pornography, with file names "IMG_5607.PNG," "996f9220-4084-448b-b29c-4dd934005c3a.JPG," "7bcdb13b-7dab-4940-90ac-da9f66bde8a3.JPG," and "c49c27d7-c54c-40b4-9983-863a8dfb6a4e.JPG." Defendant knew at the time he produced and distributed these images: (1) that he was producing visual depictions contained minors engaged in sexually explicit conduct; (2) that the production of such visual depictions involved use of minors engaged in sexually explicit conduct; and (3) that the minors depicted in the child pornography videos were real, identifiable children under the age of 18.

Finally, on or about December 4, 2023, in San Bernardino County, within the Central District of California, defendant also possessed numerous devices that contained approximately 1,400 files constituting child pornography.  Over 200 of these files depicted a prepubescent minor or minor who had not attained 12 years of age.  Several of these files included sadomasochism or bondage of a prepubescent minor.

## SENTENCING FACTORS

26.  In determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  The Sentencing Guidelines are advisory only.  Defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range.  After considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

27.  Defendant and United States Attorney's Office for the Central District of California ("the USAO") have made no agreement as to the applicable Sentencing Guidelines factors, or the applicable specific offense characteristics, adjustments, and departures under the Sentencing Guidelines or defendant's criminal history category.

28.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

11

## WAIVER OF CONSTITUTIONAL RIGHTS

29.  By pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  However, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

//

//

12

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.


Dated: January 6, 2026                    TODD BLANCHE
                                          Deputy Attorney General

                                          BILAL A. ESSAYLI
                                          First Assistant United States
                                          Attorney

                                          ALEXANDER B. SCHWAB
                                          Assistant United States Attorney
                                          Acting Chief, Criminal Division


                                          _____
                                          MIRELLE RAZA
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA


Dated: 1/16/26                            _____
                                          BERT ROUGHTON
                                          Attorney for Defendant
                                          RYAN VAN DE CAR

13